UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PAUL S. HENDERSON, | ) | CASE NO. 1:11 CV 86 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MARGARET BEIGHTLER, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On January 13, 2011, petitioner *pro se* Paul S. Henderson filed the above-captioned action for writ of habeas corpus under 28 U.S.C. § 2254. Henderson is incarcerated at the Marion Correctional Institution, having been convicted of drug trafficking (2 counts), drug possession, and possessing criminal tools. An amended petition was filed on March 15, 2011, raising 11 grounds for relief. For the reasons stated below, the amended petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

It is evident on the face of the amended petition that

Henderson has yet to exhaust his state court remedies, as there is no indication he has pursued a direct appeal to its conclusion.[1] This action is thus premature.[2]

Accordingly, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

Dated: April 6, 2011            s/        *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[1] Henderson's numerous petitions for state writs are facially insufficient to exhaust state court remedies for habeas purposes. *See*, *e.g.*, Ohio Rev.Code § 2725.05 (Ohio habeas action may be pursued solely to challenge jurisdiction of the trial court).

[2] The court expresses no opinion at this time concerning whether or not petitioner may have procedurally defaulted in the state court.