UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PAUL S. HENDERSON, | ) | CASE NO. 1:11 CV 86 |
| Petitioner, | ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) | |
| MARGARET BEIGHTLER, | ) ) | ORDER |
| Respondent. | ) ) | |

      This action was summarily dismissed on April 6, 2011, under Rule 4 of the Rules Governing Section 2254 Cases, for failure to exhaust state court remedies. Since then, Petitioner has filed a Motion to Alter or Amend Judgment (Doc # 10), Petition for Default Judgment (Doc # 11), Petition for Preliminary Injunction (Doc # 12), and Petition for Summary Judgment (Doc #13).

      A court may grant a motion to amend or alter judgment if there is a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.' " *McConocha v. Blue Cross & Blue Shield Mut. of Ohio,* 930 F.Supp. 1182, 1184 (N.D. Ohio, 1996) (quoting *In re August, 1993 Regular Grand Jury,* 854 F.Supp. 1403, 1408 (S.D. Ind., 1994)).

Petitioner now simply asserts that his convictions are void because the trial court lacked jurisdiction, and he is therefore entitled to immediate release. The Petition, however, sets forth 11 grounds for relief based on asserted constitutional violations in connection with his convictions. Nothing in the Motion to Alter or Amend reasonably suggests this Court erred in requiring exhaustion of state court remedies, or that there is newly discovered evidence, an intervening change in controlling law, or manifest injustice.

Accordingly, the Motion to Alter or Amend Judgment (Doc # 10) is denied. Additionally, the Petition for Default Judgment (Doc # 11), Petition for Preliminary Injunction (Doc # 12), and Petition for Summary Judgment (Doc #13) are denied as moot. No further postjudgment motions in this case will be entertained by the Court. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

Dated: June 9, 2011                    *s/      James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE